IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| PRINCE RANKIN *and* NAJAH ABDEL AZIZ, <br><br> *Plaintiffs*, <br><br> v. <br><br> GARY M. KIRSH, M.D. *and* TRI-STATE UROLOGIC SERVICES, P.S.C., INC., <br><br> *Defendants*. | Case No. 1:24-cv-352 <br><br> Judge Jeffery P. Hopkins |

**ORDER**

This matter is before the Court on the Motion for Judgment on the Pleadings of Defendants Gary M. Kirsh, M.D. and Tri-State Urologic Services, P.S.C., Inc. Doc. 9. Because Plaintiffs' challenge to Ohio courts' application of Ohio's medical statute of repose is barred from being reviewed in federal court by the *Rooker-Feldman* doctrine, the Motion (Doc. 9) will be **GRANTED**.

I. BACKGROUND

This case arises from Defendants' alleged overprescription of the medication Bactrim to Plaintiff Prince Rankin. Mr. Rankin alleges he was under the care of Dr. Kirsh from March 2016 through December 2016 for prostate cancer and other conditions, including a urinary tract infection. Compl., ¶ 20. Mr. Rankin further claims that Dr. Kirsh treated his urinary tract infection with Bactrim for "several months," last administering Bactrim on December 1, 2016. *Id.* ¶¶ 22–23. The next day, Mr. Rankin was admitted to Christ Hospital for renal failure; his doctors later identified the cause as Bactrim overdose. *Id.* ¶¶ 23–25.

On November 30, 2017, Plaintiffs sued Defendants in the Hamilton County Court of Common Pleas for medical malpractice. *Id.* ¶ 27. Two years later, they voluntarily dismissed that action. *Id.* ¶ 28. Then, on December 3, 2020, they refiled their complaint. *Id.* ¶ 29. On December 5, 2022, the complaint was dismissed as time-barred under Ohio's four-year statute of repose for medical claims. *Id.* ¶¶ 30–31. Plaintiffs appealed, and the First District Court of Appeals affirmed the trial court's order. *Id.* ¶¶ 32–33. *See Rankin v. Kirsh*, 2023-Ohio-3371 (1st Dist.). Plaintiffs then appealed to the Supreme Court of Ohio, but that court declined to hear the appeal. *Rankin v. Kirsh*, 2024-Ohio-163.

This lawsuit followed. Plaintiffs bring a cause of action for declaratory judgment and a separate cause of action for violation of due process guarantees under the Constitution and the Ohio State Constitution. Compl. ¶¶ 48–68. They request a judgment declaring that the Ohio statute of repose for medical claims, Ohio Rev. Code § 2305.113(C), is unconstitutional. *Id.* at PageID 11.

Defendants filed a Motion for Judgment on the Pleadings (Doc. 9), to which Plaintiffs responded (Doc. 10).

## II. LEGAL STANDARD

The Court reviews a motion for judgment on the pleadings using the same standard as a motion to dismiss. *See Coley v. Lucas County, Ohio*, 799 F.3d 530, 536–37 (6th Cir. 2015). The Court thus "construe[s] the Plaintiffs' complaint in the light most favorable to them, and accept[s] the complaint's allegations as true, drawing all reasonable inferences in favor of the Plaintiffs." *Id.* at 537. To survive, Plaintiffs' complaint must "present facts that, if accepted as

true, sufficiently 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

### III. LAW AND ANALYSIS

Defendants offer several bases for judgment in their favor. They argue that Plaintiffs' complaint is barred by res judicata, because Plaintiffs attempt to relitigate the medical malpractice action resolved in state court. Doc. 9, PageID 167–69. They also argue that the Court does not have jurisdiction to render the declaratory judgment Plaintiffs request given the commands of the *Rooker-Feldman* doctrine, the Federal Declaratory Judgment Act, and the Federal Anti-Injunction Act. *Id.* at PageID 169–74. Finally, they claim that no relief is available to Plaintiffs even if the Court was to enter the requested declaratory judgment, because if Plaintiffs were to refile their medical malpractice complaint now, that complaint would be indisputably out of time under the statute of repose. *Id.* at PageID 174–176.

Plaintiffs respond that they have made a proper constitutional challenge to Ohio's statute of repose for medical claims. *See* Doc. 10, PageID 182 ("Plaintiffs challenge the statute's systemic flaws, arguing that it infringes on their fundamental rights and disproportionately impacts claimants with legitimate causes of action. Plaintiffs seek declaratory relief to invalidate the statute and prevent its future enforcement in a manner that violates federal constitutional protections.").

The Court agrees with Defendants that it does not have jurisdiction to consider Plaintiffs' challenge to the constitutionality of Ohio's statute of repose for medical malpractice claims, Ohio Rev. Code § 2305.113(C).

Under the *Rooker-Feldman* doctrine, this Court does not have jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Raymond v. Moyer*, 501 F.3d 548, 551 (6th Cir. 2007) (quoting *Exxon-Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). At the same time, *Rooker-Feldman* "does not prohibit federal district courts from exercising jurisdiction where the plaintiff's claim is merely a general challenge to the constitutionality of the state law applied in the state action, rather than a challenge to the law's application in a particular state case." *Id.* (quoting *Hood v. Keller*, 341 F.3d 593, 597 (6th Cir. 2003)). The doctrine is based on a negative inference from 28 U.S.C. § 1257(a), which provides for review at the Supreme Court of judgments from a state's highest court; "if appellate court review of such state judgments is vested in the Supreme Court, then it follows that such review may not occur in the lower federal courts." *Kovacic v. Cuyahoga County Dep't of Children and Family Servs.*, 606 F.3d 301, 309 (6th Cir. 2010). The question of whether *Rooker-Feldman* applies here, then, turns on whether this action is a general constitutional challenge to Ohio Rev. Code § 2305.113(C) or a challenge to the application of that statute in Plaintiffs' state-court case.

It is the latter. Plaintiffs assert that their claims "target the statute itself, not the judgment rendered in the state court," and in support note that they "seek a declaration that the statute violates due process and equal protection, not a reversal of the state court's judgment." Doc. 10, PageID 189–90. Plaintiffs' complaint, however, belies this assertion. Plaintiffs requested an order stating that the Ohio medical statute of repose "is unconstitutional as it *deprived* the Plaintiffs' right to due process . . ." Compl., PageID 11

(emphasis added). The body of the complaint similarly focuses on the Ohio courts' application of the medical statute of repose in Plaintiffs' case, not on any general constitutional defect in the statute. *See e.g.* Compl. ¶ 53 ("The strict *application* of the Ohio medical statute of repose . . . literally denies Plaintiffs the opportunity to pursue justice and redress the injuries sustained.") (emphasis added). Plaintiffs' "primary concern is the application of [the statute of repose] to [their] case," *Cornelius v. Michigan Att'y Grievance Comm'n*, 510 F.App'x 404, 406 (6th Cir. 2013), not a constitutional challenge to the statute as a general matter. Thus, *Rooker-Feldman* applies, and this Court does not have jurisdiction over the case. *See id.*

The Court further notes that were this case to be a genuine general challenge to Ohio Rev. Code § 2305.113(C), Plaintiffs would not have standing so there nonetheless would be no jurisdiction. The "irreducible constitutional minimum of standing contains three elements": (1) an "injury in fact", (2) that there is a "causal connection between the injury and the conduct complained of", and (3) that the injury will "likely . . . be redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (citations and internal quotation marks omitted). Interpreting Plaintiffs' complaint as a general, prospective challenge to the constitutionality of the medical statute of repose, the third element—redressability—would not be satisfied. Plaintiffs have identified no injury that would be redressed by a prospective declaration that Ohio Rev. Code § 2305.113(C) is unconstitutional, given that such a finding would not alter the Ohio courts' previous conclusion that Plaintiffs' state-court claim was time-barred under the law as it existed when they brought the claim.

Relatedly, the proper parties are not before the Court for the Court to consider a constitutional challenge to the medical statute of repose. Plaintiffs purport to challenge the

constitutionality of the statute but have only named as defendants the private parties involved in the alleged malpractice that gave rise to this dispute. In a genuine challenge to the constitutionality of Ohio Rev. Code § 2305.113(C), the proper defendant would be the state of Ohio, as Plaintiffs would be challenging the constitutionality of the legislature's enactment of the statute.

The procedural defects in a hypothetical general constitutional challenge to the statute only serve to underscore the point made above: this case is one "brought by [a] state-court loser[] complaining of injuries caused by state-court judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The case thus falls in the heartland of *Rooker-Feldman*. Any constitutional challenge to Ohio Rev. Code § 2305.113(C) as applied to Plaintiffs' malpractice claims should have been raised in state-court proceedings and, if necessary, in a petition for certiorari to the U.S. Supreme Court. This Court does not have jurisdiction to hear the instant after-the-fact challenge to the Ohio courts' application of § 2305.113(C).

### IV. CONCLUSION

Defendants' Motion for Judgment on the Pleadings (Doc. 9) is **GRANTED**.

**IT IS SO ORDERED.**

Aug. 14, 2025

Jeffery P. Hopkins
United States District Judge